IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EARL DWIGHT REVELS,       )
                          )
            Petitioner,   )
                          )  1:12CV976
        v.                )  1:08CR45-1
                          )
UNITED STATES OF AMERICA, )
                          )
            Respondent.   )


ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Earl Dwight Revels, a federal prisoner, brings a Motion [Doc. #39][1] and Amended Motion [Doc. #40] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, as well as a Supplement [Doc. #52] to the § 2255 Motion. Petitioner pled guilty in this Court to a single count of possessing a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The predicate felony convictions supporting Petitioner's conviction in this Court were a January 20, 2002, conviction from Durham County, North Carolina, for assault with a deadly weapon on a government official, an April 19, 2004, conviction from Durham County for common law robbery, and a December 14, 2007, conviction from Durham County for possession of a firearm by a felon. In Petitioner's Motion, he appears to assert that his conviction in this Court is no longer valid because, under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he did not face more

---

[1] This and all further cites to the record are to the criminal case.

than a year in prison for the predicate felonies supporting his conviction. Respondent filed a Motion to Dismiss [Doc. #44] opposing relief.

Petitioner was sentenced as to all of his convictions in state court under North Carolina's Structured Sentencing Act, which sets out ranges of possible minimum sentences for all classes of felonies. See N.C. Gen. Stat. § 15A-1340.17. The table is organized by offense class and criminal history category, further divided into mitigated, presumptive, and aggravated ranges. The minimum sentences set out in that table correspond to maximum sentences set out in a second table. Under Simmons, a crime is "punishable" by the highest sentence that could have been given to a defendant convicted for the same class of felony who had the same criminal history as the Petitioner, sentenced in the presumptive range unless a finding was made to apply the aggravated range. Simmons, 649 F.3d at 243-245.

Here, Petitioner's prior conviction for assault with a deadly weapon on a government official was a Class F felony and Petitioner had a criminal history level of I. (Motion to Dismiss, Attach. 4.) Using the table in § 15A-1340.17 in effect at the time of Petitioner's conviction, the possible minimum sentences ranged from 13 to 16 months. The corresponding maximum sentences ranged from 16 to 20 months. Petitioner's common law robbery conviction was a Class G felony and Petitioner had a criminal history level of III. (Motion to Dismiss, Attach. 3.) This conviction carried possible minimum sentences ranging from 13 to 16 months, and corresponding maximum sentences ranging from 16 to 20 months. Finally, as to Petitioner's conviction for possession of a firearm by a felon, this was a Class G felony and Petitioner had a criminal history level of IV. He faced a minimum

2

sentence of 16 to 20 months and a maximum sentence of 20 to 24 months. Therefore, as to each of Petitioner's prior offenses, he faced maximum potential sentences of more than a year of imprisonment. In fact, Petitioner received sentences of more than a year in each case. The sentences were each suspended, but this does not affect the determination. Under Simmons, Petitioner faced more than a year in prison and his predicate offenses remain felonies. See United States v. Thompson, 480 F. App'x 201, 204 (4th Cir. 2012) (unpublished) (stating "the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment"); United States v. Swann, 526 F. App'x 265 (4th Cir. 2013) (unpublished) ("In his pro se brief, Swann appears to argue that, because his sentence was suspended, it did not qualify as a predicate offense. However, a qualifying predicate felony is one for which Swann himself could have been sentenced to a prison term exceeding one year. It is not required that Swann was actually sentenced to serve (or did in fact serve) over one year."); United States v. Harris, 458 F. App'x 297 (4th Cir. 2011) (unpublished). Petitioner's Simmons claim should be dismissed.

In Petitioner's Amended Motion, he raises claims that he received ineffective assistance of counsel at the plea bargaining stage of his case under Missouri v. Frye, ___ U.S. ___, 132 S. Ct. 1399 (2012) and Lafler v. Cooper, ___ U.S. ___, 132 S. Ct. 1376 (2012). However, he cannot pursue relief using this claim because those cases are not retroactive on collateral review. In re Liddell, 722 F.3d 737, 738 (6th Cir. 2013) (holding that Frye and Lafler are not retroactive on collateral review and collecting cases); Jones v. United States,

2014 WL 4701925 (E.D.N.C. Sept. 22, 2014). Therefore, these claims should also be dismissed.[2]

Next, in his Supplement [Doc. #52], Petitioner raises arguments using several recent Fourth Circuit and Supreme Court cases to support his Simmons claim. As set out above, that claim is meritless and none of the arguments in the Supplement change this. Petitioner also raises claims challenging his criminal history points under the United States Sentencing Guidelines, as well as sentencing enhancements under USSG § 2K2.1(b)(4)(A) and (b)(6), under Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013). However, Alleyne dealt with statutory mandatory minimum sentences and Petitioner's case involves no such sentence. Moreover, Alleyne has not been applied retroactively on collateral review. See United States v. Stewart, 540 F. App'x 171 (4th Cir. 2013) (noting that Alleyne has not been made retroactively applicable to cases on collateral review). Therefore, this claim should also be dismissed.

Petitioner also filed a Motion [Doc. #60] seeking transcripts and other documents. At some points it appears that Petitioner wishes to pay for these documents. If so, he does not need to file a separate motion, but should instead make a request of the Clerk's Office identifying which documents in this Court's record he wishes to receive.[3] To the extent that Petitioner seeks to have the Court provide him with free copies, this request will be denied.

---

[2] In addition, to the extent that Petitioner attempts to raise underlying claims of ineffective assistance of counsel based on enhancements to his sentence under the Sentencing Guidelines and other challenges to his sentencing hearing, those claims are untimely as discussed further with regard to Petitioner's Supplement.

[3] At least one of the documents he requests, his attorney's brief on appeal, is not in this Court's records, but would be in the records of the United States Court of Appeals for the Fourth Circuit.

4

With respect to the request for transcripts, under 28 U.S.C. § 753(f), a defendant proceeding *in forma pauperis* is entitled to a copy of his transcripts at Government expense in a federal habeas proceeding only if he demonstrates that the suit is "not frivolous" and that the transcript is "needed to decide the issue" presented in the suit. See 28 U.S.C. § 753(f); United States v. MacCollom, 426 U.S. 317, 320-21 (1976) (noting that § 753(f) contains "a limited grant of authority to the courts to authorize the expenditure of public funds for furnishing transcripts to plaintiffs in § 2255 actions," but only where the court certifies that the claims are "not frivolous" and that the transcript is "needed to decide the issue presented by the suit"); see also United States v. Parker, 273 F. App'x 243, 244 (4th Cir. 2008) ("An indigent defendant is entitled to free transcripts from his criminal proceedings only upon a showing of a particularized need for the transcript."); United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963) ("An indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw."). Similarly, under 28 U.S.C. § 2250, the Court may direct the Clerk to provide copies of documents or parts of the record at Court expense, but a petitioner must demonstrate a particularized need in relation to the claims he seeks to raise. See 28 U.S.C. § 2250; United States v. Harris, Crim. No. 06-20131-01-KHV, 2010 WL 604183, at *1 (D. Kan. Feb. 17, 2010) (unpublished) (citing § 2250 as authority for denial of generalized request for transcripts); Cassidy v. United States, 304 F. Supp. 864, 867 (W.D. Mo. 1969) (applying § 2250 to a motion under § 2255).

In the instant Motion, Petitioner has neither shown that transcripts or other documents are necessary for him to frame his claims, nor established that they are otherwise needed in order to decide the issues presented in these proceedings at this time. In fact, for the reasons set out above, Petitioner's claims fail and should be dismissed. If for some reason Petitioner still wishes to obtain copies of transcripts or other documents, to the extent previously-prepared transcripts or other documents are part of the Court file, Petitioner must first exhaust other means of access, specifically by requesting a copy of those transcripts or documents from his prior court-appointed counsel.[4] For these reasons, the Court will deny Petitioner's request for copies of documents or transcripts at the Court's expense, without prejudice to Petitioner making a later request for particular documents that he is unable to obtain from prior appointed counsel, if Petitioner can set out a sufficient need therefor.

Finally, Petitioner recently submitted a Letter, which the Court docketed as an additional Supplement [Doc. #61] to the pending § 2255 Motion. The Court treated the filing as a Supplement because in the filing, Petitioner contests the applicability of a sentencing enhancement under USSG 2K2.1(b)(6). He contends that he did not commit a robbery which the Presentence Report used to support that enhancement. However, any such claim is clearly barred by the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f).

---

[4] If transcripts were previously prepared and Petitioner has requested a copy of these transcripts from his prior attorney, and the attorney has refused the request, Petitioner may file a motion setting out these facts, and should include a Certificate of Service serving all parties, including the attorney and the United States Attorney.

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for seeking such review. Clay v. United States, 537 U.S. 522 (2003). Where no direct appeal is filed, the conviction becomes final when the time for filing a notice of appeal expires. Id.; Fed. R. App. P. 4(b). Here, Petitioner filed a direct appeal, which the United States Court of Appeals for the Fourth Circuit denied on September 18, 2009. Petitioner did not seek certiorari, which means that his appeal became final 90 days later in December of 2009, and the one year statute of limitations expired in December 2010. Petitioner did not file his original Motion under § 2255 until 2012, and did not file the relevant Supplement until 2015. The claim contained in that filing is not timely under Section 2255(f)(1). Only if another subsection gives Petitioner more time to file will the claim be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his claim, Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review, and Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claim presented could have been discovered through the exercise of due

diligence. None of these Sections even remotely applies to the claim raised in the latest Supplement. Therefore, this claim is untimely.[5]

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling. Holland v. Florida, 560 U.S. ___, ___,130 S. Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). However, Petitioner presents no grounds for equitable tolling and none appear in the record. The claim raised in the Supplement is not properly raised and should be dismissed.

IT IS THEREFORE ORDERED that Petitioner's Motion [Doc. #60] seeking transcripts and other documents is DENIED.

IT IS RECOMMENDED that Respondent's Motion to Dismiss [Doc. #44] be granted, that Petitioner's Motion [Doc. #39] and Amended Motion [Doc. #40] to vacate, set aside or correct sentence, as supplemented, be dismissed, and that this action be dismissed.

This, the 20th day of July, 2015.

                                                      /s/ Joi Elizabeth Peake
                                                      United States Magistrate Judge

---

[5] The Court also notes that Petitioner raised a challenge to this enhancement on appeal, and the Court of Appeals recounted the evidence presented and concluded that the enhancement was properly assessed.

8